FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

2016 JUN 22 AM 10: 27

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JAMES STEPHENS,

     Plaintiff,

vs.

     Case No.: 5:16-CV-412-0C-32PRL

MASTEC, INC., a Florida For Profit
Corporation,

     Defendant.

_____/

## ACTION TO STRIKE FEE-SPLITTING CLAUSE

Plaintiff, James Stephens ("Plaintiff"), and brings this Action to Strike
Fee-Splitting Clause in the Parties' Dispute Resolution Policy against his
former employer, Mastec, Inc., a Florida Corporation ("Defendant"), and
argues as follows.

## I.    NATURE OF CASE

The FLSA was passed by Congress in 1938. The principal
congressional purpose in enacting the FLSA was to protect all covered
workers from substandard wages and oppressive working hours, labor
conditions that are detrimental to maintenance of minimum standards of
living necessary for health, efficiency, and general well-being of workers.
*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101
S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA

constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.      Defendant provides cable installation and repair services to cable providers nationwide.

2.      Defendant employed Plaintiff as a cable technician to perform installation, repair, construction and supervisory work associated with monitoring the quality of those services.

3.      Plaintiff worked in this capacity from approximately 2007 through 2012.

4.      During Plaintiff's employment with Defendant, Plaintiff entered into a Dispute Resolution Policy ("DRP") with Defendant.  DRP attached as **Exhibit "A."**

5.      The agreement includes a clause that any dispute involving wages under the FLSA must be pursued through arbitration.

6.    On or about January 10, 2013, Plaintiff made a demand to Defendant to initiate the arbitration process for his claim for unpaid overtime under the FLSA.

7.    Eventually, the parties mutually agreed to appoint Attorney Gary Salzman as arbitrator of these claims.

8.    During an initial scheduling conference with Arbitrator Salzman, Defendant made it clear that it was of the opinion that the arbitration agreement, specifically page two, paragraph one, requires that each party split the costs of the arbitration, including all arbitrator fees.

9.    Plaintiff vehemently disagrees that the agreement requires the same.

10.    In addition, Plaintiff's position is that an employer cannot require an employee to pay for arbitration fees/costs or waive its entitlement to attorney's fees/costs should it prevail in a claim filed under the FLSA.

11.    Further, an employee does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.

12.    This is especially the case where are here, Plaintiff simply cannot afford the exorbitant costs of arbitration.

13.    As a result, Defendant, Mastec, Inc., must pay all costs associated with arbitration.

## II.   JURISDICTION

14.   This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

15.   The Court also has jurisdiction under the Federal Arbitration Act. *See* 9 U.S.C. §4.

### MEMORANDUM OF LAW

## I.   THE FEE-SPLITTING CLAUSE IS UNENFORCEABLE

The arbitration clause is invalid due to its attempt to require arbitration fee splitting between the parties in this FLSA claim. Thereafter the arbitration clause purports to alter the fee provisions of the FLSA:

> Each party will pay the fees for his, her or its own attorneys, subject to any remedies to switch that party may later be entitled under applicable law.  However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees.  If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, *such fees will be apportioned between the parties* by the Arbitrator in accordance with said applicable law.
> Ex 1, ¶1, p. 2.

### A.   The Fee Split Is Substantively Invalid

The FLSA provides for awards of attorney's fees to a prevailing *plaintiff. See* 29 U.S.C. 216(b) and *Mach v. Will County Sheriff,* 580 F.3d 495, 501 (7th Cir. 2009) ("The FLSA's fee-shifting provision refers only to a prevailing plaintiff, see id. § 216(b), and says nothing of a prevailing

defendant."). "[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith" *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981). *See also* 29 C.F.R. § 500.10 (FLSA substantive rights cannot be waived).

Because "the FLSA automatically entitles prevailing plaintiffs to attorneys' fees and on costs. . . these [are] substantive rights [which] apply in arbitration as well. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (litigants retain all substantive statutory rights in the arbitral forum)". *Shaver v. New Eng. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 133420, * 11 (D. Kan. Nov. 18, 2011). "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). *Accord Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). The FLSA, along with Title VII, the ADEA and ADA, protect the ability of the prevailing employee to recovery attorney's fees while simultaneously being protected from the assessment of such fees if the

employee is unsuccessful. This has uniformly been described as a substantive right which cannot be waived such that an arbitration agreement which falls to provide this right is unenforceable:

> The Supreme Court has made clear that statutory rights, such as those created by Title VII, may be subject to mandatory arbitration only if the arbitral forum permits the effective vindication of those rights. 'So long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function.'

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991) (quotation omitted); *see also Jackson v. Home Team Pest Control, Inc.*, Case. No.: 6:13–cv–916–Orl–22TBS Docs. 19, 24 2013 WL 6051391 (M.D. Fla. 2013)(Plaintiff's **FLSA claims are statutory federal claims to which the fee-splitting provision, by its terms, does not apply**); *citing Madden v. Protection One Alarm Monitoring, Inc.*, 358 F.Supp.2d 1218 (N.D. Ga 2004)(citing cases); *Carter v. Countrywide Credit Indust., Inc.*, 362 F. 3d 294, 300 (5th Cir. 2004).

If, then, the splitting or sharing of the costs of the arbitral forum under a particular arbitration agreement effectively prevents the vindication of a plaintiff's statutory rights, those rights cannot be subject to mandatory arbitration under that agreement. *See, e.g., Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 763 (5th Cir. 1999) (holding that Gilmer "plainly indicates that an arbitral cost allocation scheme may not be used to prevent effective

vindication of federal statutory claims"), *cert. denied*, 529 U.S. 1099, 146 L. Ed. 2d 777, 120 S. Ct. 1833 (2000); *Shankle v. B-G Maint. Mgmt. of Col., Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999) [**20] ('An arbitration agreement that prohibits the use of the judicial forum as a means of resolving statutory claims must also provide for an effective and accessible alternative forum.'). *Morrison v. Circuit City Stores*, 317 F.3d 646, 658 (6th Cir. 2003). *Accord McCaskill v. SCI Mgmt. Corp.*, 285 F.3d 623, 626 (7th Cir. 2002) (holding that under *Gilmer*, attorney fee provisions were part of the substantive statutory rights, modified in other respects at *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677 (7th Cir. 2002)).

As stated above, this same substantive right has been specifically applied to FLSA actions and has invalidated a provision virtually identical to the provision Defendant seeks to enforce:

> [B]y providing for an award of attorneys' fees to the prevailing *party*, instead of a prevailing *plaintiff*, this clause in the arbitration agreement substantially thwarts the statutory enforcement scheme erected by the FLSA. This enforcement scheme includes, most notably in these circumstances, the private attorney general mechanism set up by Congress to enforce the policies and objectives of the FLSA. *Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1097 (S.D.N.Y. 1987) (quoting *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 11, 241 U.S. App. D.C. 11 (D.C. Cir. 1984)). Plaintiffs' affidavits make plain they have no financial ability to pay Encana's attorneys' fees were Defendant to prevail before the arbitrator. The chilling effect of this fee-shifting provision on Plaintiffs' ability and willingness to attempt to press their claims under the FLSA is clear.

*Daugherty v. Encana Oil & Gas (USA), Inc.*, 2011 U.S. Dist. LEXIS 76802, *32-33 (D. Colo. July 15, 2011) (emphasis by the Court). *See also Anderson v. Regis Corp.*, 2006 U.S. Dist. LEXIS 31302, *15-19 (N.D. Okla. Apr. 26, 2006) ("[T]he agreement is not silent but instead expressly requires the splitting of fees and would normally be unenforceable under *Shankle* and *Green Tree* [*v. Randolph,* 531 U.S. 79 (2000)]."). Courts have consistently found that provisions which deprive an employee of statutory fee shifting protections are invalid as depriving the employee of substantive federally created rights. *See Gambardella v. Pentec, Inc., 218 F. Supp. 2d 237, 246 (D. Conn. 2002) (collecting Title VII cases).*

### B.    Mastec's DRP Has Already Been Deemed to Retain Attorney's Fees/Costs for Prevailing Plaintiffs

The very same Dispute Resolution Policy has already been deemed to retain the right for an arbitrator to award attorney's fees/costs to a prevailing Plaintiff under the FLSA. *See Delano v. Mastec, Inc.*, Supp.2d 2010 WL 4809081 (M.D. Fla2010).[1] Judge Whittemore explained that the FLSA automatically entitles prevailing plaintiffs to attorney's fees and litigation costs, *see* 29 U.S.C. § 216(b), and these substantive rights apply in arbitration. *Id.* at 5; *citing 14 Penn PlazaLLC v. Pyett*, 129 S.Ct. 1456, 1469, 173 L.Ed.2d 398 (2009) (an agreement to arbitrate "does not waive the

---

[1] The Dispute Resolution Policy in Delano contained the same clause at issue in the case at hand. Thus, Plaintiff finds it disingenuous that Defendant would argue again that no fees/costs would be available should Plaintiff prevail in this matter.

statutory right ... it waives only the right to seek relief from a court in the first instance."). Consistent with Judge Whittemore's ruling, the DRP does not waive any right for Plaintiff to claim attorney's fees/cost should he prevail.

## II.   THIS COURT HAS JURISDICTION TO RULE ON THIS MATTER

The Parties disagree on whether this District Court has jurisdiction to rule on the enforceability of the fee-splitting clause.[2] District Courts have jurisdiction to determine a dispute over the enforceability of certain arbitration clauses.

The distinction between the cases placing the decision with the district court and the instant dispute is subtle, but important: where the dispute is over the *existence* of a provision forbidding class arbitration, not its *enforceability,* precedent suggests that the necessary responsibility to interpret the contract's language rests with the arbitrator. *See Jackson*, 2013 WL 6051391, p.2; citing *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 184–85 (3d Cir.2010)(en banc)(holding that "[t]he issue in *Bazzle* was the *existence,* not the *validity,* of a class action waiver," whereas the issue before the Third Circuit was an "unconscionability challenge to a class action waiver provision" that "expressly and unmistakably proscribe[d] class arbitration." (emphasis in original)).

---

[2] Obviously, since Plaintiff filed this action, Plaintiff opines that the Court has jurisdiction.

Here, Plaintiff's issue with the operative clause is that it is not enforceable. Thus, the Court has jurisdiction to address and rule on the issue.

## III.   PLAINTIFF CANNOT AFFORD THE PROHIBITIVE COSTS OF ARBITRATION

Based on the projected costs of arbitration in this case, Plaintiff's inability to pay the costs makes arbitration so prohibitive that he is effectively precluded from vindicating his FLSA rights in the arbitral forum. *See Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).   Plaintiff has ample evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees. *Green*, 531 U.S. at 96, 121 S.Ct. 513.

Here, the Parties held one preliminary conference for approximately one hour.  The Parties received an invoice from Arbitrator Salzman for $600 (1.5 hours at $400 per hour).  *See* Invoice dated April 6, 2016 attached as **Exhibit B**.  Further, Arbitrator Salzman provided an estimate for additional costs of $2,800 alone associated with deciding the issue of the fee-splitting issue.  *See* Email with estimate from Arb. Salzman attached as **Exhibit C**. Arbitrator Salzman further requested an additional deposit of $7,000 to cover costs through the date of a scheduling conference alone.  *Id.* This does not include additional costs associated with general litigation matters, motions, final hearing and pre/post hearing briefs.  In essence, Plaintiff would be taxed with arbitrator fees of approximately $5,000 just to make it to a scheduling

conference. Plaintiff estimates that it would costs him at least $20,000-$25,000 in arbitrator costs to get through a final hearing even with the fee split. This seems quite unfair when compare to the federal court filing fee of $400. There is no doubt that the costs would prohibit Plaintiff from pursuing his rights under the FLSA.

Plaintiff is unable to pay arbitrator costs due to his current financial state. *See generally* James Stephens Declaration attached as **Exhibit D**. As Plaintiff Stephens explains, he is unemployed and disabled. *Id.* at ¶13. He has not worked since 2013. *Id.* at ¶14. His only source of income is his disability benefits of $1111 per month, to which $577 is deducted and attributed to his two kids. *Id.* His total monthly expenses $1,800 per month. *Id.* at ¶15. It is obvious that Plaintiff cannot afford the steep costs of arbitration as suggested by Defendant. Thus, the fee-splitting provision should be stricken.

## CONCLUSION

This Court should follow the same course as the courts referenced above and by invalidate the fee-splitting arrangement in the dispute resolution agreement and ordering Defendants to be responsible for all fees incurred in the arbitration including payment of attorney's fees/cost should Plaintiff prevail in this matter.

Respectfully submitted,

_____

Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*

# EXHIBIT A

# VII. DISPUTE RESOLUTION POLICY

This Dispute Resolution Policy is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. This Policy applies to any dispute arising out of or related to Employee's employment with the Company or termination of employment. Except as it otherwise provides, this Policy requires all such disputes that have not otherwise been resolved to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include, without limitation, disputes arising out of or relating to interpretation or application of this Policy, but not as to the enforceability or validity of the Policy or any portion of the Policy. The Policy also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims). Claims arising under any law that permits resort to an administrative agency notwithstanding an agreement to arbitrate those claims may be brought before that agency as permitted by that law, including without limitation claims or charges brought before the National Labor Relations Board, the Equal Employment Opportunity Commission, and the United States Department of Labor. Nothing in this Policy shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

A neutral arbitrator shall be selected by mutual agreement of the parties. The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Policy with the same force and effect as if the parties had selected the arbitrator by mutual agreement.

A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department, 800 Douglas Road, 11th Floor, Coral Gables, Florida 33134. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

In arbitration, the parties will have the right to conduct civil discovery and bring motions, as provided by the forum state's procedural rules. However, there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public.

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties by the Arbitrator in accordance with said applicable law.

Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

An Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Policy. The Employee must submit a signed and dated statement on a "Dispute Resolution Policy Opt Out" form ("Form") that can be obtained from the Company's Legal Department, 800 Douglas Road, 11th Floor, Coral Gables, Florida 33134, by calling 305-406-1875. In order to be effective, the signed and dated Form must be returned to the Legal Department within 30 days of the Employee's receipt of this Policy. An Employee choosing to opt out will not be subject to any adverse employment action as a consequence of that decision.

This Policy is the full and complete policy relating to the formal resolution of employment-related disputes. Nothing contained in this Policy shall be construed to prevent or excuse an Employee from utilizing the Company's existing internal procedures for resolution of complaints.

## VIII. EMPLOYEE ACKNOWLEDGEMENT

Each employee receiving this Handbook is required as a condition of his or her employment to acknowledge receipt of the Handbook by signing and dating this form where indicated and by returning the form to the Human Resources Contact.

I acknowledge that on the date recorded below I received the MasTec Employee Handbook ("Handbook"). I acknowledge that the Handbook describes the terms and conditions of my employment with MasTec and that I will review the Handbook immediately.

I understand that my employment with MasTec is at-will, meaning that it is not for a specified period of time. The employment relationship may be terminated at any time for any reason, with or without cause or notice, by me or the Company. I acknowledge that no oral or written statements or representations regarding my employment can alter the foregoing. Only the Chief Executive Officer and the Group President have the authority to modify the at-will employment relationship, and then only in writing, signed by either the CEO or the Group President.

I further acknowledge that the Handbook contains a Dispute Resolution Policy on pages 40-41. The Dispute Resolution Policy provides for final and binding arbitration of designated employment-related disputes. I will review the Dispute Resolution Policy immediately, and I understand I may discuss it with my private legal counsel should I so desire. I acknowledge that I have thirty (30) days from the date of my receipt of the Handbook to decide whether I wish to accept the Dispute Resolution Policy or to opt out of being bound by that Policy. If I choose to opt out, I understand that I must return a signed and dated form to that effect to the Company's Legal Department within the 30-day period, as provided in the Dispute Resolution Policy. If I do not return that form within the specified period of time, the Dispute Resolution Policy will apply to both MasTec and me.

Finally, I understand that the foregoing agreement concerning my employment-at-will status is the sole and entire agreement between me and MasTec concerning the duration of my employment and the circumstances under which my employment may be terminated. I further understand that this agreement supersedes all prior agreements, understanding, and representations concerning these issues.

Understood and Agreed:

_James E. Stephens_
Employee's name (printed)

_[signature]_
Employee's Signature

_2/22/07_
Today's Date

A copy of this Employee Acknowledgement must be sent to the appropriate Service Line Administrative Office to become part of the employee's file.

# EXHIBIT B

# GRAYROBINSON

Attorneys At Law
Suite 1400
301 E. Pine Street
Post Office Box 3068
Orlando, Florida 32802

Telephone (407) 843-8880
Federal ID # 59-1300132

GSS Non-AAA Arbitrations

April 6, 2016
FILE # 585209 - 8

Invoice #       10617497
Re:             Stephens, James v. Mastec Advance Technologies, et al.

This summary includes all transactions on the above matter processed up to and including the date of the last transaction shown on this invoice.  Any transactions, including credits or receipts processed after that date will be reflected on a future statement.

| | |
|---|---|
| CURRENT FEES: | $ 600.00 |
| CURRENT DISBURSEMENTS: | $ 0.00 |
| **CURRENT BALANCE DUE:** | **$ 600.00** |

0065

## REMITTANCE COPY

**Please return this remittance copy with your payment for proper allocation.**
**PAYMENT IS DUE UPON RECEIPT**

# GRAYROBINSON

Attorneys At Law
Suite 1400
301 E. Pine Street
Post Office Box 3068
Orlando, Florida 32802

Telephone (407) 843-8880
Federal ID # 59-1300132

GSS Non-AAA Arbitrations

April 6, 2016
FILE # 585209 - 8

Invoice #        10617497
Re:              Stephens, James v. Mastec Advance Technologies, et al.

This summary includes all transactions on the above matter processed up to and including the date of the last transaction shown on this invoice.  Any transactions, including credits or receipts processed after that date will be reflected on a future statement.

|  |  |
|---|---|
| CURRENT FEES: | $ 600.00 |
| CURRENT DISBURSEMENTS: | $ 0.00 |
| **CURRENT BALANCE DUE:** | **$ 600.00** |

0065

## CLIENT COPY
### PAYMENT IS DUE UPON RECEIPT

Page 1

10617497
Stephens, James v. Mastec Advance Technologies, et al.

**Professional Services**:

| 02/22/16 | GSS | Reviewing dispute resolution policy; preparing emails to parties on same | 0.30 |
|---|---|---|---|
| 03/02/16 | GSS | Telephone conference with counsel for parties on administration of proceeding; preparing email to counsel on next telephone conference on bifurcation of preliminary issue for initial payment of arbitrator compensation and expenses | 0.80 |
| 03/09/16 | GSS | Telephone conference with counsel for the parties on adminstration of procceding; preparing memo on same | 0.40 |

| | Current Fees: | | | $ 600.00 |
|---|---|---|---|---|

| NAME | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Salzman, Gary S | 1.50 | $ 400.00 | $ 600.00 |
| | 1.50 | | $ 600.00 |

Page 2

# EXHIBIT C

## Carlos Leach x5091

| | |
|---|---|
| **From:** | Gary S. Salzman, B.C.S. <Gary.Salzman@gray-robinson.com> |
| **Sent:** | Wednesday, March 02, 2016 5:04 PM |
| **To:** | Carlos Leach x5091 |
| **Cc:** | Risma Saragih x5051; Storch, Noah E.; DeBlasio, Patrick G.; Cynthia L. Garner; Gary S. Salzman, B.C.S. |
| **Subject:** | Re: 1585721 Stephens, James vs Mastec Advance Technologies |

$2800 is total deposit for determination of which party is to pay deposits through final award, subject to possible shifting for prevailing party. Respondent has agreed to pay this deposit so Claimants potential exposure is $1400 if I decide the parties are to equally bear deposits.

The $7000 deposit is the total deposit to cover estimated fees and costs through a case management conference, including issuing a case management order. If I rule the parties are to equally bear deposits, claimant would be required to pay $3500 of this deposit.

Thereafter, I will estimate my total compensation and expenses through final award and invoice that as a deposit. Until I conduct the CMC, I cannot give you any estimate. Again, if I rule the parties are to equally bear all deposits, claimant would be responsible for 50% of that final deposit.

Any unused deposits at the end of the case would be refunded to the party who paid the deposit.

Sent from my iPhone

**Gary S. Salzman, B.C.S. | Shareholder**
**Florida Bar Board Certified in Business Litigation**
**G R A Y | R O B I N S O N**

301 East Pine Street, Suite 1400 | Orlando, Florida 32801
**T:** 407-843-8880 | **F:** 407-244-5690
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

On Mar 2, 2016, at 3:34 PM, Carlos Leach <CLeach@forthepeople.com> wrote:

> Thank you Mr. Salzman.
>
> I wanted to clarify something regarding your estimated bills so that I can advise my client more accurately as to his potential maximum exposure.
>
> You referenced the estimated costs for covering the issue of whether Claimant would be responsible for his portion of the arbitration costs at approximately $2,800.
>
> You also estimated a figure of $7,000 for arbitrator fees to include initial administration, the scheduling order and discovery matters. I wanted to clarify whether this was an estimate to cover your fees through the final hearing and briefing. I don't think this is the case but wanted to make sure. I reviewed a prior estimate from you in another case and it surpassed $15,000 for the initial deposit.

1

Can you confirm? Thanks.

**From:** Gary S. Salzman, B.C.S. [mailto:Gary.Salzman@gray-robinson.com]
**Sent:** Wednesday, March 02, 2016 11:13 AM
**To:** Risma Saragih x5051; Storch, Noah E.; Carlos Leach x5091; DeBlasio, Patrick G.
**Cc:** Cynthia L. Garner
**Subject:** RE: 1585721 Stephens, James vs Mastec Advance Technologies

This will confirm our next telephone conference call for **March 9, 2016, at 2:00 p.m.** *This will be a dial in conference call.* If calling from the Orlando area, please dial the Bridge number below and enter the PIN number when prompted. If calling from outside the Orlando area, please dial the Toll-free number and enter the PIN number when prompted.

Bridge Number: 14074186590
Toll-free: 18663887725
PIN: 075385

Gary Salzman

**Gary S. Salzman, B.C.S. | Shareholder**
**Florida Bar Board Certified in Business Litigation**
**G R A Y | R O B I N S O N**

301 East Pine Street, Suite 1400 | Orlando, Florida 32801
**T:** 407-843-8880 | **F:** 407-244-5690
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAMES STEPHENS, on his own**
**behalf,**

       **Plaintiff,**

**vs.**                             **CASE NO.:**

**MASTEC, INC., a Florida For Profit**
**Corporation,**

_____**Defendant.**_____/

**<u>DECLARATION OF JAMES STEPHENS</u>**

1.     My name is JAMES STEPHENS and I am over the age of 18.

2.     I am the named Plaintiff in the above-referenced action.

3.     I make this Declaration based upon personal knowledge.

4.     From approximately September 2007 until February 2012. I worked for Defendant, MASTEC, INC., a Florida for Profit Corporation, as an hourly paid laborer.

5.     Specifically, I worked as a "service technician".

6.     In this capacity I was paid by the job ("piece rate compensation").

7.     I routinely worked more than forty (40) hours per week, but I was not paid overtime compensation for all overtime hours worked.

8.     During my employment with Defendant, it appears that I signed an employment agreement that included an arbitration clause.

9.     I was not aware that this type of clause was included and did not understand what this meant.

10.     I am now attempting to being my claim for overtime pay through arbitration.

11.     However, now Defendant is not telling me that I have to pay for at least half of the arbitration fees.

12.     I am not able to pay for any arbitration fees.

13.     Currently I am disabled and have no source of income.

14.     I have not worked since 2013. I have had no source of income from working since 2013; however since March, 2014 to the present, I have been receiving social disability benefits of $1111 per month. Additionally, $554 is deducted for my two kids.

15.     I have monthly expenses of approximately $1900 per month. Every month I have to borrow money just to make ends meet.

16.     I do not have any assets.

17.     I have been informed that the arbitrator's initial deposit in this case is estimated at $7,000 just to get the parties through the date of a case management and scheduling order.

18.     If the arbitrator were to rule on the issue of whether an employer can charge an employee half of arbitration costs, which I understand, is contrary to the law, the arbitration will charge another $2,800.

19.     In fact, the arbitrator has already submitted a bill of $600 for one phone conference.

20.     At these rates, the estimated costs of an arbitrator through a final hearing would easily exceed $50,000.

21.     I cannot afford to pay anything towards arbitrator costs as I have no source of income.  I do not feel this is fair treatment toward an employee with a valid claim for overtime compensation.

22.     I am pleading with the Court to rule on this matter and strike the provision in the agreement that requires an employee to pay any portion of the arbitrator's costs.

**Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the allegations in this Declaration are true and accurate to the best of my knowledge.**

By: /s/ **James Stephens**
James Stephens

6/14/16
DATE